IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

JONATHAN PADILLA,

    Plaintiff,

-v-

TEAM HEALTH HOLDINGS INC.,
INPHYNET SOUTH BROWARD, LLC;
SOUTH BROWARD HOSPITAL
DISTRICT d/b/a MEMORIAL
HEALTHCARE SYSTEM

    Defendants,

CIVIL ACTION
Case Number:

JURY TRIAL DEMANDED

FILED BY _____ D.C.
SEP 15 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT FOR RELIEF

Plaintiff, JONATHAN PADILLA (hereinafter "Jonathan" or "Plaintiff"), brings this action against Defendants: TEAM HEALTH, INPHYNET SOUTH BROWARD, LLC., and SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM based on personal knowledge alleging the following:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought for violations of the Fair Debt Collection Practices Act (hereinafter the FDCPA) 15 U.S.C. §1692c *et seq.*, §1692e(2)(A), §1692e(5), §1692e(11), §1692f, §1692g; pursuant to 15 U.S.C. § 1691k; the Florida Consumer Collection Practices Act (hereinafter the FCCPA), FLA. STAT. §559.72 (9); and for declaratory judgment and injunctive relief in equity.

Upon belief and information, Plaintiff contends that these practices are widespread for the Defendants. Plaintiff intends to propound discovery to Defendants identifying other individuals who have suffered similar violations.

### JURISDICTION VENUE AND PARTIES

1

1. This is an action for damages that exceed $5,000.00.

2. The jurisdiction of this Court is conferred by Fla. Stat. §559.77, 15 U.S.C. §1692k(d), and 47 U.S.C. §227(a)3 & (a)5.

3. Venue is proper in this District pursuant to Fla. Stat. §559.77 and 28 U.S.C. §1391b.

4. At all material times herein, the conduct of Defendant, complained of occurred in Broward County, Florida.

5. At all times herein, Plaintiff is a natural person residing in Broward, County, Florida.

6. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a (3) and Fla. Stat. §559.55(8).

7. Defendant, TEAMHEALTH, (hereinafter, "TEAM" or "Defendant"") is a privately held company based in Knoxville, Tennessee engaged in the collection of debt. In 2017, Blackstone Group LP—a private equity firm based in New York—acquired TeamHealth for $6.1 billion.

8. At all times herein, Defendant TEAM is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Fla. Stat. §559.55(6).

9. Defendant, INPHYNET SOUTH BROWARD, LLC, (hereinafter, "INPHY" or "Defendant"") is a corporation and citizen of the State of Florida with its principal place of business at Suite 190, 14050 Northwest 14th Street, Fort Lauderdale, Florida, 33323.

10. At all times herein, Defendant INPHY is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Fla. Stat. §559.55(6).

11. Defendant, SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM, (hereinafter, "MEMORIAL" or "Defendant"") is a corporation and citizen of the State of Florida.

12. At all times herein, Defendant MEMORIAL is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Fla. Stat. §559.55(6).

13. The Defendants regularly uses interstate mail while engaging in businesses the principal of which are the collection of debts, directly or indirectly from consumers, allegedly due another.

14. At all times herein, the Defendants attempt to collect a debt, (hereinafter "the Debt").

15. At all times herein, the Defendants were a "person" pursuant to Florida Statutes, Section 559.55(3). *See Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809 (Fla. 4th DCA 2002).

16. At all times herein, the Defendants' conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C. Section 1692a(2). *See Berg v. Merchs. Ass'n Collection Div.,* Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

## GENERAL ALLEGATIONS

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. During the course of its efforts to collect debts allegedly owed to third parties, the Defendants send to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

19. At all relevant times, the Defendants acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. All conditions precedent to the bringing of this action have been performed, waived or excused.

21. Plaintiff has no prior or present established relationship with the Defendants.

## FACTUAL ALLEGATIONS

22. On or about October 25, 2022, Plaintiff received a letter from INPHY and TEAM attempting to collect an alleged debt in the amount of $1,316. **SEE EXHIBIT "A"**

23. Plaintiff responded to the letters with a DEBT VALIDATION REQUEST sent via certified mail.

24. Unfortunately, the DEBT VALIDATION REQUEST sent by Plaintiff via certified mail October 2022 was not responded to and he continued to receive demands for payment over the next several months.

25. On or about January 9, 2023, Plaintiff received a letter from INPHY and TEAM attempting to collect the same alleged debt in the amount of $1,316. **SEE EXHIBIT "B"**

26. Plaintiff responded to the letters with a 2nd DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT "C"**

27. On or about March 20, 2023, Plaintiff received a letter from MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25. **SEE EXHIBIT "D"**

28. Plaintiff responded to the letter with a DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT "E"**

29. On or about April 15, 2023, Plaintiff received another letter from MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25. **SEE EXHIBIT "F"**

30. Plaintiff responded to the letter from MEMORIAL with a 2nd DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT "G"**

31. Plaintiff continued receiving letters from MEMORIAL in the mail attempting to collect on the alleged debt without the debt being validated.

32. Plaintiff then sent MEMORIAL a Notice of Intent to litigate on or about May 17, 2023. **SEE EXHIBIT "H"**

33. Plaintiff continued receiving letters from INPHY and TEAM in the mail attempting to collect on the alleged debt without the debt being validated.

34. Plaintiff then sent INPHY and TEAM a Notice of Intent to litigate on or about May 17, 2023. **SEE EXHIBIT "I"**

35. Plaintiff continued receiving letters from MEMORIAL in the mail attempting to collect on the alleged debt without the debt being validated.

36. On or about July 14, 2023, the Plaintiff received a letter from SAGE LAW OFFICES on behalf of MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25 so Plaintiff responded by sending SAGE LAW OFFICES a Debt Validation Request which was not responded to.

37. Plaintiff then sent MEMORIAL another Notice of Intent to litigate on or about July 17, 2023. **SEE EXHIBIT "J"**

38. Plaintiff continued receiving letters from INPHY and TEAM in the mail attempting to collect on the alleged debt without the debt being validated.

39. Plaintiff then sent INPHY and TEAM another Notice of Intent to litigate on or about July 17, 2023. **SEE EXHIBIT "K"**

40. As of the date of this action, the Defendants have continued collection efforts on the illegitimate alleged debt.

41. Plaintiff contends that the illegal actions of the Defendant has harmed the Plaintiff, resulting, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

<u>**COUNT I**</u>
<u>**VIOLATION OF FLORIDA CONSUMER COLLECTION**</u>
<u>**PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9)**</u>
<u>**BY INPHY AND TEAM**</u>

42. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

43. TEAM and INPHY violated the FCCPA. Defendants' violations include, but are not limited to, the following: TEAM violated Fla. Stat. §559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the right with knowledge that the right does not exist.

44. Specifically, on or about October 25, 2022, Plaintiff received a letter from INPHY and TEAM attempting to collect an illegitimate alleged debt in the amount of $1,316. **SEE EXHIBIT A**

45. Plaintiff responded to the letters with a DEBT VALIDATION REQUEST sent via certified mail.

46. Unfortunately, the DEBT VALIDATION REQUEST sent by Plaintiff via certified mail October 2022 was not responded to and he continued to receive demands for payment over the next several months.

47. On or about January 9, 2023, Plaintiff received a letter from INPHY and TEAM attempting to collect the same alleged debt in the amount of $1,316. **SEE EXHIBIT B**

48. Plaintiff responded to the letters with a 2nd DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT C**

49. Plaintiff continued receiving letters from INPHY and TEAM in the mail attempting to collect on the alleged debt without the debt being validated.

50. Plaintiff then sent INPHY and TEAM a Notice of Intent to litigate on or about May 17, 2023. **SEE EXHIBIT K**

51. Plaintiff continued receiving letters from INPHY and TEAM in the mail attempting to collect on the alleged debt without the debt being validated.

52. Plaintiff then sent INPHY and TEAM another Notice of Intent to litigate on or about July 17, 2023.

53. As of the date of this action, the Defendants INPHYNET SOUTH BROWARD, LLC. and TEAMHEALTH HOLDINGS INC. have continued collection efforts on the illegitimate alleged debt that has never been validated.

54. In determining the Defendants' liability for any additional statutory damages, the court shall consider the nature of the Defendants' noncompliance with Section 559.72, the frequency and persistence for the noncompliance, and the extent to which the noncompliance was intentional.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against INPHYNET SOUTH BROWARD, LLC. and TEAMHEALTH HOLDINGS INC. each individually for at least $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

**COUNT II
VIOLATION OF FLORIDA CONSUMER COLLECTION
PRACTICES ACT (FCCPA), FLA. STAT. §559.72
BY SOUTH BROWARD HOSPITAL DISTRICT
d/b/a MEMORIAL HEALTHCARE SYSTEM**

55. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

56. SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM ("MEMORIAL") is subject to and has violated provisions of Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the right with knowledge that the right does not exist.

57. On or about March 20, 2023, Plaintiff received a letter from MEMORIAL attempting to collect an illegitimate alleged debt in the amount of $1,403.25. **SEE EXHIBIT D**

58. Plaintiff responded to the letter with a DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT E**

59. On or about April 15, 2023, Plaintiff received another letter from MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25. **SEE EXHIBIT F**

60. Plaintiff responded to the letter from MEMORIAL with a 2nd DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT G**

61. Plaintiff continued receiving letters from MEMORIAL in the mail attempting to collect on the alleged debt without the debt being validated.

62. Plaintiff then sent MEMORIAL a Notice of Intent to litigate on or about May 17, 2023. **SEE EXHIBIT H**

63. Plaintiff continued receiving letters from MEMORIAL in the mail attempting to collect on the illegitimate alleged debt without the debt being validated.

64. On or about July 14, 2023, the Plaintiff received a letter from SAGE LAW OFFICES on behalf of MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25 so Plaintiff responded by sending SAGE LAW OFFICES a Debt Validation Request which was not responded to.

65. Plaintiff then sent MEMORIAL another Notice of Intent to litigate on or about July 17, 2023. **SEE EXHIBIT J**

66. In determining the Defendants' liability for any additional statutory damages, the court shall consider the nature of the Defendants' noncompliance with Section 559.72, the frequency and persistence for the noncompliance, and the extent to which the noncompliance was intentional.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM for at least $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2)
## BY DEFENDANTS INPHY AND TEAM

67. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

68.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

69.     INPHYNET SOUTH BROWARD, LLC. ("INPHY") is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

70.     TEAMHEALTH HOLDINGS INC. ("TEAM") is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

71.     In its attempt to collect on an alleged debt, INPHY violated the FDCPA 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

72.     Specifically, INPHY claimed an alleged debt owed to them by Plaintiff in the amount of $1,316 through their various communications without showing how the debt was actually owed.

73.     Although the Plaintiff requested an explanation on how the alleged debt was owed, he was never provided with the requested information.

74.     In its attempt to collect on an alleged debt, TEAM violated the FDCPA 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

75.     Specifically, TEAM claimed an alleged debt owed to them by Plaintiff in the amount of $1,316 through their various communications without showing how the debt was actually owed.

76.     Although the Plaintiff requested an explanation on how the alleged debt was owed, he was never provided with the requested information.

77.     These violations of the FDCPA were willful as set forth above.

WHEREFORE, Plaintiff requests this Court enter a judgment against, INPHYNET SOUTH BROWARD, LLC. for $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k as well as a judgment against, TEAMHEALTH HOLDINGS INC. for $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2) BY DEFENDANT SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM

78. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

79. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

80. SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM ("MEMORIAL") is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

81. In its attempt to collect on an alleged debt, MEMORIAL violated the FDCPA 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

82. Specifically, MEMORIAL claimed an alleged debt owed to them by Plaintiff in the amount of $1,403.25 through their various communications without showing how the debt was actually owed.

83. Although the Plaintiff requested an explanation on how the alleged debt was owed, he was never provided with the requested information.

84. These violations of the FDCPA were willful as set forth above.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against, SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM for $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(5) BY MEMORIAL

85. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

86. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

10

95. In their attempts to collect on the alleged debt, the Defendants violated the FDCPA 15 U.S.C. §1692e(11) by failing to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

96. Specifically, the Defendants' initial communications sent to Plaintiff did not contain language that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

97. These violations of the FDCPA were willful as set forth above.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against each Defendant individually for $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

## COUNT VII
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692f
## BY THE DEFENDANTS

98. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

99. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

100. The Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

101. In their attempts to collect on the alleged debt, the Defendants violated the FDCPA 15 U.S.C. §1692f by collecting an amount that was not expressly authorized by an agreement creating the debt or permitted by law.

102. Specifically, the Defendants' communications sent to Plaintiff attempting to collect an illegitimate alleged debt was not expressly authorized by any agreement creating the debt or permitted by law.

103. Although the Plaintiff requested an explanation on how the alleged debt was owed, he was never provided with the requested information and the Defendants continued collection efforts.

104. These violations of the FDCPA were willful as set forth above.

WHEREFORE, Plaintiff requests this Court enter a judgment against each Defendant individually for $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

### COUNT VIII
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692g(b)
### BY THE DEFENDANTS

105. The Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

106. In their attempts to collect on the alleged debt, the Defendants violated the FDCPA 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

107. Specifically, on or about October 25, 2022, Plaintiff received a letter from INPHY and TEAM attempting to collect an alleged debt in the amount of $1,316. **SEE EXHIBIT A**

108. Plaintiff responded to the letters with a DEBT VALIDATION REQUEST sent via certified mail.

109. Unfortunately, the DEBT VALIDATION REQUEST sent by Plaintiff via certified mail October 2022 was not responded to and he continued to receive demands for payment over the next several months.

110. On or about January 9, 2023, Plaintiff received a letter from INPHY and TEAM attempting to collect the same alleged debt in the amount of $1,316. **SEE EXHIBIT B**

111. Plaintiff responded to the letters with a 2nd DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT C**

112. On or about March 20, 2023, Plaintiff received a letter from MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25. **SEE EXHIBIT D**

113. Plaintiff responded to the letter with a DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT E**

114. On or about April 15, 2023, Plaintiff received another letter from MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25. **SEE EXHIBIT F**

115. Plaintiff responded to the letter from MEMORIAL with a 2nd DEBT VALIDATION REQUEST sent via certified mail. **SEE EXHIBIT G**

116. Plaintiff continued receiving letters from MEMORIAL in the mail attempting to collect on the alleged debt without the debt being validated.

117. Plaintiff then sent MEMORIAL a Notice of Intent to litigate on or about May 17, 2023. **SEE EXHIBIT H**

118. Plaintiff continued receiving letters from INPHY and TEAM in the mail attempting to collect on the alleged debt without the debt being validated.

119. Plaintiff then sent INPHY and TEAM a Notice of Intent to litigate on or about May 17, 2023. **SEE EXHIBIT I**

120. Plaintiff continued receiving letters from MEMORIAL in the mail attempting to collect on the alleged debt without the debt being validated.

121. On or about July 14, 2023, the Plaintiff received a letter from SAGE LAW OFFICES on behalf of MEMORIAL attempting to collect an alleged debt in the amount of $1,403.25 so Plaintiff responded by sending SAGE LAW OFFICES a Debt Validation Request which was not responded to.

122. Plaintiff then sent MEMORIAL another Notice of Intent to litigate on or about July 17, 2023. **SEE EXHIBIT J**

123. Plaintiff continued receiving letters from INPHY and TEAM in the mail attempting to collect on the alleged debt without the debt being validated.

124. Plaintiff then sent INPHY and TEAM another Notice of Intent to litigate on or about July 17, 2023.

125. As of the date of this action, the Defendants have continued collection efforts on illegitimate alleged debts while not ceasing collection activity until the alleged debt was validated.

126. These violations of the FDCPA were willful as set forth above.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against each Defendant individually for $1,000 statutory damages, actual damages, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That judgment be entered in favor of Plaintiff against the Defendants for statutory damages and punitive damages for violation of 15 U.S.C. § 1692e (2) (A), 15 U.S.C. § 1692e (5), 15 U.S.C. § 1692e (11), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692g, pursuant to 15 U.S.C. § 1691k;

B. That judgment be entered in favor of Plaintiff against the Defendants for statutory damages and punitive damages for violation of Fla § 559.72 (9), pursuant to Fla § 559.77;

C. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k and Fla § 559.77;

D. That the Court issue a declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

E. That the Court grant equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

F. That the Court grant such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: Sept. 15, 2023

12385 Sw 51st Pl  
Cooper City, FL 33330  
954-278-9658  
Jp201em@protonmail.com